UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LILLIAN ABALO JOHN, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 2:13-cv-144-NT |
| | ) | |
| WHOLE FOODS MARKET, et al., | ) | |
| | ) | |
|     Defendants | ) | |

**ORDER VACATING RECOMMENDED DECISION
AND ORDER TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE**

On May 13, 2013, I entered a recommended decision to dismiss the complaint in the above-referenced action for lack of prosecution because the plaintiff had neither paid the filing fee nor filed an application to proceed in forma pauperis. (ECF No. 3.) On June 7, 2013, the plaintiff paid the $350.00[1] filing fee. I now order that my prior recommended decision dated May 13, 2013, be VACATED and that the case proceed on the civil docket as demanded by plaintiff.

However, I further order that plaintiff shall file an amended complaint that complies with Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's filing with the court appears related to an employment dispute with Whole Foods Market and its "leader." Plaintiff names two Doe defendants, Michelle and Becky, apparently supervisors at Whole Foods Market, as additional parties to her lawsuit. Plaintiff complains that someone has interfered with her unemployment benefit, her Department of Human Services benefits, and other benefits. Plaintiff

---

[1] In April 2013 the filing fee was $350.00. As of May 1, 2013, the filing fee was raised to $400.00 for most cases. Given plaintiff's circumstances and her aborted attempt to pay an earlier, partial filing fee in April, I directed the clerk to accept the $350.00 rather than increase the filing fee, although I recommended that plaintiff be encouraged in the strongest possible terms to submit an application to proceed in forma pauperis. The plaintiff was in the courthouse in Portland and I am in the courthouse in Bangor. If I had been at the Portland courthouse, I would have held a hearing and satisfied myself that the plaintiff understood her options.

uses the word "seted" repeatedly in pleading, as in "seted me at Dept. of Human Services." Ultimately, I am completely unable to understand what she is describing as having happened to her.

It is my understanding the plaintiff was advised repeatedly by the clerk's office to obtain assistance from a third party, either Pine Tree Legal Assistance, an immigrant aid society, or a friend of her own choice who is better able to communicate in the English language.  Plaintiff was also repeatedly advised by the clerk's office of her right to complete an application to proceed without paying the filing fee if her income was limited (as suggested by her complaint). According to the information I have received from the clerk's office, the plaintiff refused to fill out an application to have the filing fee waived and refused the referrals provided to her.  In order for this case to proceed the plaintiff must provide the court with the necessary details and information about her case.

To assert federal question jurisdiction over Whole Foods, plaintiff must allege <u>facts</u> that support a claim of a federal statutory or constitutional violation, such as employment discrimination, discrimination in public accommodation, or violation of her civil rights under the United States Constitution by a private entity through a contractual or similar undertaking. Conclusory statements, such as "Whole Foods discriminated against me," are not factual statements.  Plaintiff's current complaint is devoid of any meaningful factual content—the who, what, where, when and why of a complaint.  In order to assist plaintiff in filing an amended complaint I have attached to this order a blank form taken from this court's website.  I urge plaintiff in the strongest possible terms to take the form and this order to someone who speaks English fluently and can help her to provide the necessary information.  Once the form is completed she may file it with the court as an amended complaint and the clerk's office will

provide the plaintiff with the necessary summonses in order to attempt to make service by waiver.

I will grant plaintiff until July 1, 2013, to file an amended complaint either on the form provided or in another format that sufficiently complies with the Federal Rules of Civil Procedure in order for the case to proceed.

*So Ordered.*

June 7, 2013 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge