UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LILLIAN ABALO JOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:13-CV-00144-NT |
| ) | |
| WHOLE FOODS MARKET, et als., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION**

On April 18, 2013, Ms. John filed a complaint against Whole Foods Market and two of its employees. In spite of repeated requests from court personnel John declined to complete an application to proceed in forma pauperis. Facing possible termination of her lawsuit because she had neither been granted IFP status nor paid the full filing fee, John finally paid the filing fee on June 7, 2013. On that same date I issued an order to John that she must amend her complaint to bring it into compliance with the Federal Rules of Civil Procedure. She was given a form complaint and told to complete the form in its entirety which would then serve as an amended complaint. John filed her amended complaint on June 27, 2013. It suffered from the same deficiencies as the original complaint. Given John's apparent difficulty with writing in the English language, the amended complaint did not provide me with any better understanding of the nature of her claim against Whole Foods Market than had the original complaint. I am not describing technical noncompliance with the Rules of Civil of Procedure. I am describing an amended complaint that utterly fails to set forth any cognizable claim. John's amended statement of claim in its entirety reads as follows:

> The Whole Foods Market have my money that why. Because of that don't asked don't tell following. Also they adopped my children I need all the income. This

>not billing the world. That is not John income is my with my children.  He run
>away from us not even his friend [indecipherable] that why the [indecipherable]
>lest pay.

(Am. Complaint at 3, ECF No. 5.)

I was extremely concerned about the status of this lawsuit and John's apparent refusal to seek legal assistance from the legal aid groups or immigrant aid groups in spite of the fact that the clerk's office provided contact information to her.  It appeared when I tried to decipher the original complaint and the amended complaint that John was employed at Whole Foods in the past and was claiming that they had wrongfully withheld money from her.  There appeared to be a secondary issue involving the children's father having abandoned the family and a corresponding problem with governmental benefits.  I therefore scheduled a show cause hearing and ordered that John appear before me and explain her claim.

John's appearance on August 20, 2013, did little to clarify the issues of this lawsuit.  As I suspected, John claimed to have been previously employed at Whole Foods Market, but she stopped working there when they refused to accommodate her schedule changes which were necessitated by her inability to make child care arrangements because the children's father had left them.  At least that seemed to be the gist of John's complaint.  She was adamant that she had not been terminated and seemed to suggest that Whole Foods Market invited her to reapply for employment when she returned to the business following a period of time when she had just stopped going to work.  I gave her another opportunity to provide the court with a second amended complaint that set forth the who, when, what, and why of her lawsuit in order to provide the court with a document that could be served on the defendant(s) and to which the defendant(s) could formulate a response.  I was not sure exactly who the defendants were and what relief John was seeking.  I also instructed the clerk to give John the telephone numbers of

three separate social service/legal projects that might be able to provide her with assistance. I gave her until September 15, 2013, to file a second amended complaint. As of today's date no second amended complaint has been filed.

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a plaintiff must set forth (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). A plaintiff's complaint need not provide an exhaustive factual account, only "a short and plain statement." However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 129 S. Ct. at 1949. Plaintiff's pro se complaint must be construed liberally and held to a less stringent standard than one drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520, (1972).

Although John is a pro se litigant, she has paid the full filing fee and normally it would be her responsibility to serve her complaint on the defendants. John has not done so and the

complaint could be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure because more than 120 days have expired since John filed her complaint in April. However, no summonses have ever issued and I seriously doubt that John understands her obligation to complete service on the defendants. It seems unfair to dismiss the complaint on that basis.

On the other hand, it spite of the opportunities the court has given John she has failed to file a complaint document that provides a cognizable claim. There is simply no way that I can see for this case to proceed. Title 28 U.S.C. § 1915(e)(2)(B)(ii) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Although proceeding pro se, John did not seek in forma pauperis status. Normally the court's authority to utilize the screening requirements of 28 U.S.C. § 1915(e)(2) is limited to complaints filed in forma pauperis. Benson v. O'Brian, 179 F.3d 1014, 1015 (6th Cir.1999). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [The] requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of subject matter jurisdiction." Apple, 183 F.3d at 479. See also Hassink v. Mottl, 47 Fed. App'x 753, 755 (6th Cir.2002) (citing Apple and holding that district court properly dismissed sua sponte for lack of subject matter jurisdiction where plaintiff's complaint lacked an arguable basis in law).

The First Circuit follows a similar path regarding sua sponte dismissals, cautioning that "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly." Gonzalez-

Gonzalez v. United States, 257 F.3d 31, 33 (1st Cir. 2001).  It rules out reliance on 28 U.S.C. § 1915 for non-IFP actions, but allows sua sponte dismissal under Rule 12(b)(6) with the proviso that notice of a proposed dismissal and an opportunity to amend are ordinarily required.  Id. at 37 ("[H]aste makes waste, and it will be the rare case in which a sua sponte dismissal—at least, a sua sponte dismissal without leave to amend—will be upheld.");  see also Green v. Concord Baptist Church, 313 Fed. App'x 335, 336-37 (1st Cir. 2009) (per curiam) (unpublished) (affirming dismissal despite lack of notice where the complaint lacked any explanation how the defendants violated the plaintiff's rights or caused him injury and the nature of the claim indicated that the chance of a successful amendment was "virtually nonexistent");  Budnick v. Barnstable County Bar Advocates, Inc., 989 F.2d 484 (Table) (unpublished), slip op. avail. at 1993 WL 93133, *1-2 & n.2, 1993 U.S. App. Lexis 6656, *3-4 & n.2 (1st Cir. 1993) (per curiam) (affirming a Rule 12 (b)(6) sua sponte dismissal of a non-IFP case where the complaint failed to state a claim *and* amendment would have been futile, but recognizing that normally the plaintiff should have an opportunity to amend prior to such dismissal).

  In this case I have given plaintiff two opportunities to amend, including an opportunity to address the court at the show cause hearing.  Her complaint and her amended complaint still fail to state a claim and should now be dismissed under Rule 12(b)(6).  Alternatively, the court could dismiss the complaint under Rule 12(b)(1) because the complaint appears to be a contract dispute with no diversity jurisdiction alleged.  Conceivably the complaint might have been an employment discrimination claim invoking federal question jurisdiction, but John has made no attempts to develop any facts that would suggest such a claim.  Another alternative basis for dismissal is Rule 4(m), given John's failure to make service, but as I discussed earlier, such a

dismissal seems unfair and counterproductive in any event because even if John re-filed a new complaint, the same problems would exist.

Based on the foregoing, I now recommend that the court sua sponte dismiss the complaint under Rule 12(b)(6) because it fails to state a claim and plaintiff has been given two opportunities to present an amended complaint that states a claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 19, 2013				/s/ Margaret J. Kravchuk
						U.S. Magistrate Judge